UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br>GUADALUPE RAMOS-CASTRO,<br><br>                              Defendant. | CASE NO. 09cr2959 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the request for discovery of policies and procedures of the United States Border Patrol in Defendant's motion to compel discovery/preserve evidence (#59) and Defendant's supplemental motion to compel discovery/preserve evidence (#65).

Defendant Ramos is charged in a ten count indictment. The indictment charges the Defendant Ramos in counts one through seven with transport of illegal aliens in violations of 8 U.S.C. § 1324 and in counts eight and nine with assault upon border patrol agents using a "dangerous and deadly weapon, in that defendant drove a vehicle towards" border patrol agents.

Defendant requests "any materials related to *Border Patrol's policy* or procedure with respect to the use of *deadly force* and *high speed chases*." (Doc. # 59-1, page 5). Defendant states that "[i]t is anticipated that unreasonable force will be an aspect of the defense with respect to the assault." *Id.*; (Doc. # 65-1, page 3). Defendant further asserts that the Border Patrol policies are relevant to prove whether the agent allegedly assaulted was engaged in his

1  official duties, and that the policies of the agency goes directly to evaluating the bias or
2  prejudice of the border patrol agent witnesses required to comply with these policies.

3        The Government responds that the Border Patrol's internal policies are not relevant on
4  the grounds that the policies do not convey any affirmative rights upon the Defendant.  The
5  Government asserts: "whether the agent's actions were or were not in compliance with the
6  agency's internal policies is not determinative of whether his conduct was reasonable or
7  excessive." (Doc. # 66, page 8).  The Government further asserts that the internal policies of
8  the agency are protected by executive privilege and that disclosure of internal policies presents
9  the risk that the internal information of the agency will be used misused.  The Government
10 further asserts that there is no issue in this case as to the scope of the agents' duties.

11       The Court ordered the Government to submit to the Court *in camera* the pages of the
12 manual relating to the use of force with discharge of a firearm.  Pursuant to the order of this
13 Court, the Government provided the "INS Firearms Policy" to the Court *in camera* designated
14 in this record as Court Exhibit 1.

15       The Court has reviewed the material submitted by the Government and concludes that
16 these policies are not relevant to the Fourth Amendment excessive force issue.  *See United*
17 *States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009) ("It is well settled that the scope
18 of the Fourth Amendment's protections is not to be measured by reference to agency
19 guidelines and other extra-constitutional matter.... Specifically, the government's violation of
20 its own rules does not provide a basis for the suppression of evidence in a criminal action.").
21 In addition, the Court concludes that there is no basis to order discovery of the agency's
22 internal policies in order to prove whether the officer allegedly assaulted was engaged in his
23 official duties.

24       The Court does conclude that the portions of the policy related to use of deadly force
25 may be relevant for the limited purpose of examining the bias or prejudice of the border patrol
26 agent witnesses.  The Court further finds that the agency has a significant interest in limiting
27 the disclosure of the policies.  The Court will order that the Government provide certain
28 portions of the policies designated in the record as Court Exhibit 2 subject to the provisions

1  of a protective order limiting the use of the document to Counsel for the Defendant in this case
2  without further order of this Court.  The parties shall prepare a proposed protective order for
3  the signature of the Court.

4  IT IS HEREBY ORDERED that Defendant's motion to compel discovery/preserve
5  evidence (#59) is granted in part and Defendant's supplemental motion to compel
6  discovery/preserve evidence (#65) is granted in part.

7  IT IS FURTHER ORDERED that the Clerk of the Court shall file Court Exhibit 1 and
8  Court Exhibit 2 in the record of this case under seal.

9  IT IS FURTHER ORDERED that the Clerk of the Court shall provide a copy of Court
10 Exhibit 2 to the Plaintiff United States of America only. Plaintiff shall review Court Exhibit
11 2 and file any further pleadings relating to this issue no later than April 22, 2010.  The Court
12 will review any pleadings submitted by the Plaintiff and will issue a further order setting a date
13 for the  Plaintiff to provide the discovery designated in Court Exhibit 2 to the Defendant upon
14 execution of the protective order.

15 DATED:  April 16, 2010

                                    **WILLIAM Q. HAYES**
                                    United States District Judge